■ 520 EAST 81ST STREET ASSOCIATES v. LENOX HILL HOSPITAL et al.— Motion granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals. Concur — Kupferman, J. P., Murphy, Lane and Nunez, JJ.

## (March 11, 1975)

■ EMIL B. SANDERS, Appellant, v. WELCOME ABOARD VACATION CENTERS, INC., et al., Defendants, and ROBERT E. HELLER et al., Respondents. Order, Supreme Court, New York County, entered on June 4, 1974, unanimously affirmed, without costs and without disbursements. The appeal dated October 3, 1974, from the order entered on September 20, 1974, is dismissed, without costs and without disbursements. No opinion. Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Nunez, JJ.

■ In the Matter of ROBERT JACKSON, Appellant, v. JOHN McCABE, as Property Clerk of the Police Department of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on November 6, 1974, dismissing appellant's petition in an article 78 proceeding, with leave for him to prosecute the claim as a plenary action, unanimously modified, on the law and in the exercise of discretion, without costs and disbursements, to the extent of treating the petition as a complaint in a plenary action, with leave to the appellant to serve an amended and supplementary complaint within 30 days after publication of this decision, if so advised, and otherwise affirmed. Petitioner, who was originally a defendant in a criminal action based on a charge of robbery, sought to recover the sum of $1,008 that had been taken from him, vouchered, and delivered to the police property clerk. Subsequently, the money was paid out to the complaining witness; the releases therefor having been issued by the District Attorney. Upon the defendant's acquittal, he brought an article 78 proceeding to recover the sums taken from him that had been paid to the third party, and to annul the releases concerning that money that had been issued to the police property clerk by the District Attorney. Special Term properly held that a writ of mandamus issues only to compel the performance of an official duty imposed by law. (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382, 387.) Here it is clear that appellant failed to show a legal right to the relief requested. The instant application, however, should not have been dismissed with leave to commence a plenary action, but more appropriately, pursuant to CPLR 103 (subd. [c]), should have been treated as if it was brought in the proper form. (*Matter of First Nat. City Bank* v. *City of N. Y. Finance Administration*, 36 N Y 2d 87; *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400.) Furthermore, the funds at issue having been paid to the complaining witness, leave is granted to the appellant to serve an amended and supplementary summons and complaint with a view toward including that complainant as a party to this action, so that the rights of all interested parties may be adjudicated. Concur — Stevens, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.